[No. 7445–8–I.   Division One.   July 21, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. CALVIN KEITH TICESON, *Appellant.*

Lewis H. Nomura of Seattle–King County Public Defender Association, for appellant.

Norm Maleng, Prosecuting Attorney, and Gordon S. Jones, Deputy, for respondent.

DORE, J.—Calvin Ticeson appeals from a judgment and sentence entered upon his conviction of assault in the second degree, and indecent liberties, counts 1 and 2 respectively.

## ISSUES

1. Did the instruction on the statutory definition of knowledge of RCW 9A.08.010(1)(b) constitute reversible error?

2. Were both convictions based on the same offense in violation of the constitutional double jeopardy provisions?

## FACTS

Sandra M. and a man alighted from the same bus. As she walked the man lifted her skirt. She protested and tried to walk away. He lifted the skirt again and, after she told him to stop, he knocked her to the ground. On the ground they struggled and he grabbed at her crotch. She later identified Calvin Ticeson as the assailant.

## DECISION

ISSUE 1: The inclusion of the ambiguous definition of knowledge in the jury instructions was harmless error because the finding that Ticeson acted intentionally established that he also acted knowingly.

The jury was instructed on the definition of knowledge in the words of the statute which reads:

(1) Kinds of Culpability Defined.

. . .

(b) *Knowledge.* A person knows or acts knowingly or with knowledge when:
(i) he is aware of a fact, facts, or circumstances or result described by a statute defining an offense; or
(ii) he has information which would lead a reasonable man in the same situation to believe that facts exist which facts are described by a statute defining an offense.

(Italics ours.) RCW 9A.08.010(1)(b). In *State v. Van Antwerp,* 22 Wn. App. 674, 591 P.2d 844 (1979), we held that an instruction based on this statutory definition did not violate due process of law. That holding was reversed by the Supreme Court in *State v. Shipp,* 93 Wn.2d 510, 610 P.2d 1322 (1980).

There it was held "that the statute merely allows the inference that a defendant has knowledge in situations where a reasonable person would have knowledge, rather than creating a mandatory presumption that the defendant has such knowledge." *State v. Shipp, supra* at 512.

The mere giving of an instruction in the language of the statute does not require reversal in every case. Where the jury must have found that a defendant had actual knowledge, the conviction will not be disturbed. In *State v. Shipp, supra,* the Supreme Court let stand a conviction where the jury, by convicting, must have found that the defendant acted intentionally. The same situation is present here.

In addition to the knowledge instruction, instructions Nos. 10 and 13 informed the jury that to convict the defendant it must find that he knowingly assaulted the victim with intent to commit the crime of indecent liberties. Instruction No. 11 defined assault as follows:

An assault is an *intentional* touching of the person or body of another, regardless of whether any actual physical harm is done to the other person.

An assault is also an *intentional* act, with unlawful force, which creates in another a reasonable apprehension

and fear of bodily injury even though the actor did not actually intend to inflict bodily injury.

(Italics ours.) Since Ticeson was convicted, the jury must have found that he assaulted his victim, as assault is defined in instruction No. 11. The instruction allowed the jury to find an assault on either of two theories, each of which required an intentional act on the part of Ticeson. *State v. Shipp, supra* at 518. The jury must have found that Ticeson acted intentionally. He therefore acted knowingly. RCW 9A.08.010(2). Inclusion of the statutory definition of knowledge in the jury instructions was therefore harmless error insofar as the assault charge was concerned. *State v. Shipp, supra* at 518.

We also hold that the inclusion of the statutory definition of knowledge was harmless error with regard to the indecent liberties charge. To convict under the assault instructions the jury must have found that Ticeson had the intent to commit the crime of indecent liberties. By law, he also acted knowingly with regard to the crime of indecent liberties. RCW 9A.08.010(2).

As the jury in the subject case necessarily found an intentional act on the part of defendant, it must have found he acted knowingly, and the erroneous instruction on "knowledge" was harmless error, and both the charges of "assault" and "indecent liberties" can be sustained under the assignment of error as set forth in issue 1.

ISSUE 2: The acts of the assault were the same as those constituting the element of force of the indecent liberties charge. The defendant was therefore twice put in jeopardy for the same offense in violation of double jeopardy provisions of the constitution.

Where an act constituting a crime also constitutes an element of another crime, a defendant is placed in double jeopardy if he is charged with both crimes. *State v. Johnson,* 60 Wn.2d 21, 371 P.2d 611 (1962); *State v. Bresolin,* 13 Wn. App. 386, 534 P.2d 1394 (1975).

880

The situation presented here is nearly identical with that in *State v. Bresolin, supra.* There, three men were charged with and convicted of two counts of robbery and one count of assault. One of the three had gone to the residence of Mark Medearis and his father. He was asked to leave. As he was leaving, the other two men entered.

> Mark Medearis was beaten and assaulted with a gun, hit on the head several times, threatened with a knife, thrown to the floor, handcuffed and repeatedly kicked. Medearis' father was also handcuffed and told to lie on the floor.

*State v. Bresolin, supra* at 388–89. Some money, a wallet and several weapons were taken. One of the elements of robbery was that it be accomplished "by means of force or violence or fear of injury." RCW 9.75.010.[1] The court held:

> We find the acts of force necessary to commit the robbery of Mark Medearis to be the same as the acts of force inflicted upon him as alleged in the count charging assault in the second degree. The litany of injuries inflicted upon the victim was part of a continuing, uninterrupted attack to secure "dope" or money, and constituted proof of an element included within the crime of robbery. Under the evidence in this case, the assaults inflicted were not separate and distinct from the force required for the robbery.

*State v. Bresolin, supra* at 394.

As to the charges in this case, one of the elements of the crime of indecent liberties is that the sexual contact occur by forcible compulsion. RCW 9A.88.100(1).[2] The acts of force necessary to commit the crime of indecent liberties upon Sandra M. were the same as the acts of force inflicted upon her as alleged in the count charging assault in the second degree. The several touchings constituting the assault were part of a continuing, uninterrupted attack to forcibly sexually molest the victim and constituted proof of

---

[1]Repealed by Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.92.010, effective July 1, 1976. Later enactment, *see* RCW 9A.56.190.

[2]Now codified RCW 9A.44.100(1).

an element included within the crime of indecent liberties. Under the evidence in this case, as in *State v. Bresolin, supra,* the assault was not separate and distinct from the force required for indecent liberties, and conviction of both "assault" and "indecent liberties" constituted double jeopardy and a violation of defendant's constitutional rights. Therefore the conviction of assault in the second degree, based upon the force used to commit the crime of indecent liberties, must be set aside.

The conviction of indecent liberties is affirmed; the conviction of "assault" is set aside; the matter is remanded to the trial court for resentencing.

SWANSON, J., concurs.

ANDERSEN, J. (concurring)—I concur with the holding on issue one, but as to issue two, I concur in the result only. As to issue two, I agree that the defendant's conviction of assault should be reversed because the prosecuting attorney takes the position in his brief of respondent that the defendant "was charged and sentenced for two separate offenses stemming from the same conduct and based on the same evidence," and "[d]efendant's conviction on Count One for assault in the second degree should be reversed . . ."