[No. 6130-5-I. Division One. November 2, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES
LEE PRATER, ET AL, *Appellants.*

*Gilbert H. Levy* of *Seattle–King County Public Defender Association* and *David E. Reed,* for appellants (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney, Marc A. Boman* and *Carol Hepburn, Deputies,* for respondent.

WILLIAMS, J.—James Lee Prater and Harold Lee Prater were each convicted by a jury of two counts of first degree

robbery, two counts of first degree assault and one count of first degree burglary. In addition, the jury returned special verdicts finding that both were armed with a deadly weapon and a firearm during the commission of each crime. Subsequently, the State brought habitual criminal proceedings. In separate trials to the court, both James and Harold were found to be habitual criminals. From the judgments entered, both appeal.

The facts are these. On July 3, 1977 in Seattle, the two Praters broke into the apartment of Steven and Josephine Ross. At gunpoint the Praters forced both Mr. and Mrs. Ross to lie on the floor, then demanded money and sent Mrs. Ross looking for it. While she was searching, one of the Praters shot Mr. Ross in the face, causing him to lose consciousness. Harold Prater jabbed and poked at Mrs. Ross with a gun as she attempted to locate money, and when Mrs. Ross brushed it away from her head, he struck the side of her head causing her to stumble. The Praters then left with the money after firing a gun into a wall of the apartment.

The first question is whether *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978), precludes the use of special verdict firearm findings in sentencing because the Praters were found guilty of first degree robbery, assault, and burglary, all of which can be, and were in this case, committed with a firearm. The State concedes that *Workman* requires resentencing without the firearms findings. This concession is accepted for the robbery and burglary charges but rejected as to the assault charges. *State v. Adlington–Kelly,* 95 Wn.2d 917, 631 P.2d 954 (1981).

The next question is whether the deadly weapon findings must be stricken because the jury was not instructed that it must find the Praters were armed with deadly weapons during the commission of the crimes, beyond a reasonable doubt.[1] *State v. Tongate,* 93 Wn.2d 751, 613 P.2d 121

---

[1] Harold Prater did not argue in his brief, nor at oral argument, that *State v. Tongate,* 93 Wn.2d 751, 613 P.2d 121 (1980), required the striking of the deadly

(1980).

■ A bullet hole was found in the wall of the Ross apartment where one of the Praters fired a gun, and an X–ray photograph taken after the incident showed a bullet fragment lodged in Mr. Ross' head. Assuming the issue can be raised for the first time on appeal, the absence of a *Tongate* instruction was harmless error beyond a reasonable doubt. *State v. Claborn,* 95 Wn.2d 629, 632, 628 P.2d 467 (1981); *State v. Hall,* 95 Wn.2d 536, 540–41, 627 P.2d 101 (1981). The deadly weapon special verdicts stand.

The third question is whether the assault and burglary convictions should merge into the robbery convictions. The Washington burglary antimerger statute (RCW 9A.52.050) controls. It provides:

> Every person who, in the commission of a burglary shall commit any other crime, may be punished therefor as well as for the burglary, and may be prosecuted for each crime separately.

RCW 9A.52.050. James and Harold Prater could be punished for the robbery they committed while they were in the Rosses' apartment and the first degree burglary they committed in entering the apartment with the intent to commit a felony. The trial court did not err in refusing to dismiss the burglary convictions.

■ Whether the assault convictions must merge into the robbery convictions is controlled by *State v. Johnson,* 92 Wn.2d 671, 600 P.2d 1249 (1979). In *Johnson* the Supreme Court decided that when an offense is proven which elevates another crime to a higher degree,

> an additional conviction [for that offense] cannot be allowed to stand unless it involves some injury to the person or property of the victim or others, which is sepa-

weapons findings. He did argue that *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978), and the double jeopardy clause of the United States Constitution, U.S. Const. amend. 5, prevented the use of sentence enhancement by deadly weapon special verdicts (RCW 9.95.040). However, *Workman* specifically held that "[t]he State may . . . invoke the provisions of RCW 9.95.040 regarding restriction of parole rights" for sentence enhancement purposes. *State v. Workman, supra* at 457. *Accord, In re Carle,* 93 Wn.2d 31, 34, 604 P.2d 1293 (1980).

rate and distinct from and not merely incidental to the crime of which it forms an element.

*State v. Johnson, supra* at 680. *Accord, State v. Fagundes,* 26 Wn. App. 477, 485–86, 614 P.2d 198 (1980).

The injury sustained by Mr. Ross when he was shot in the face was no part of the robbery then being conducted for the purpose of obtaining money. By disabling him, the Praters effectively hindered rather than aided the commission of the crime. Therefore, the Praters can be separately punished for the first degree assault they committed upon Mr. Ross. *State v. Allen,* 94 Wn.2d 860, 621 P.2d 143 (1980). *Accord, State v. Smith,* 9 Wn. App. 279, 511 P.2d 1032 (1973).

In contrast, the striking of Mrs. Ross was part of the force used to induce her to find money, the object of the robbery. The purpose was to intimidate. It had that effect. "Under the evidence in this case, the assaults inflicted were not separate and distinct from the force required for the robbery." *State v. Bresolin,* 13 Wn. App. 386, 394, 534 P.2d 1394 (1975). *Accord, State v. Ticeson,* 26 Wn. App. 876, 614 P.2d 245 (1980).

 Finally, the Praters contend that prior convictions, relied upon by the State to prove their status as habitual criminals, were based upon guilty pleas which were not shown to be constitutionally valid beyond a reasonable doubt. *State v. Holsworth,* 93 Wn.2d 148, 607 P.2d 845 (1980). In Harold Prater's case, defense counsel specifically challenged and offered to prove that one of the two prior felony convictions in the supplemental information was constitutionally invalid.[2] The court rejected the challenge,

---

[2] "MR. JOSHUA [defense counsel]: We move at this point for the Court not to consider that as a prior conviction inasmuch as we think that the plea was violative of the Woods vs. Gray and the Boykin vs. Alabama cases."

And again, "MR. JOSHUA: Well, the specific motion is that the State—this is a habitual criminal proceeding. The State has got to prove that there were two prior convictions. The trial court has got to be satisfied that the two, if those convictions by way of plea, that, number one, if out–of–state convictions would be valid convictions within the State of Washington; and number two, if by plea within the State of Washington that in fact at the time they were felonies and that at the

ruling that it could not go behind the final judgment. This was error. *State v. Holsworth, supra.*

In James Prater's case, the question never came up and so cannot be considered.

The firearm findings as to the robbery and burglary are stricken, the convictions for the assault upon Mrs. Ross and the habitual criminal finding as to Harold Prater are vacated. Both cases are remanded to the Superior Court for further proceedings and resentencing consistent with this opinion. In all other respects, the judgments are affirmed.

ANDERSEN, J., concurs.

SWANSON, J. (concurring)—I concur in concluding that the special verdict firearm findings entered in the first degree robbery and first degree burglary charges must be stricken. *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978), and *State v. Silvernail,* 25 Wn. App. 185, 605 P.2d 1279 (1980), remain dispositive as to firearm findings relative to those charges; however, the recent decision in *State v. Adlington–Kelly,* 95 Wn.2d 917, 631 P.2d 954 (1981), makes it clear that the reasoning of *Workman* does *not apply* to assault convictions. The court in *Adlington–Kelly* stated at page 923,

> *We find, however, the Workman/Simpson rationale inapplicable to the assault statutory scheme as our assault statute contains none of the types of ambiguity contained in either the state or federal robbery statutes.*

(Italics mine.)

I also concur in affirming James Prater's habitual criminal findings, but wish to explain the basis for my conclusion. As the majority opinion correctly notes, James Prater did not question in any way the use of the prior convictions

---

time the plea was freely and voluntarily entered, that the full consequences of a guilty plea would have been known to the person at that time, and we allege, or I am prepared by way of offer of proof to put Mr. Prater on the stand to indicate that at the time that he did enter a plea he did not fully understand."

at the proceedings below.[3]

James Prater now complains, even though he failed to take advantage of the benefits afforded by the decision in *State v. Holsworth*, 93 Wn.2d 148, 607 P.2d 845 (1980), and seeks to have his habitual criminal status vacated. In so contending, he overlooks the burden imposed upon a defendant to "first call attention to the inappropriateness of using a pre–*Boykin* plea." *Holsworth*, at 159.

It is fundamental that to preserve error for consideration on appeal, a claimed error must be called to the attention of the trial court at a time that will afford the court an opportunity to correct it. *State v. Wiley*, 26 Wn. App. 422, 613 P.2d 549 (1980). While the *Holsworth* decision announced no new law in permitting a challenge to the present use of an allegedly invalid prior guilty plea in a habitual criminal proceeding, the court made it clear that the defendant must initially raise the issue before the State is required to shoulder the burden of proving the validity of the prior conviction. In *State v. Swindell*, 93 Wn.2d 192, 607 P.2d 852 (1980), decided less than a month later, the court stated,

> In *Holsworth*, we also held that *once a defendant* charged under RCW 9.92.090 *calls attention to the alleged unconstitutionality of a prior felony conviction* used by the State to support a habitual criminal charge, *the State must thereafter* prove beyond a reasonable doubt that the prior conviction was constitutionally valid.

(Italics mine.) *Swindell*, at 196.

The clear language of *Holsworth* and *Swindell* demonstrates that the State's burden does not exist as a requirement until and unless the defendant raises the issue. Of course, the State has the burden of proving the existence of

---

[3]Harold Prater challenged such use and thereby placed the burden on the State to prove the constitutional validity of the prior challenged convictions. The record indicates that the State failed to sustain its burden of proof. I therefore agree that Harold Prater's habitual criminal finding must be vacated and remanded.

a prior conviction as an element of the habitual criminal status, but the degree of proof, that is, proof of a conviction's constitutional validity beyond a reasonable doubt, is not an element but an evidentiary matter. This precise question was recently addressed in *State v. Brown,* 29 Wn. App. 1, 627 P.2d 142 (1981), where we discussed specifically the State's burden in a prosecution under RCW 9.41.040, and stated,

> [W]e do not believe that the import of the holding in *Swindell* is that the *constitutional validity* of a guilty plea is an "element" of the offenses such as first degree escape. But a prior felony *conviction* is an element. A prior conviction "is a fact which it is necessary for the state to allege and prove to obtain a conviction . . ." *Pettus v. Cranor,* 41 Wn.2d 567, 568, 250 P.2d 542 (1952). *Accord, State v. Tully,* 198 Wash. 605, 89 P.2d 517 (1939).

*State v. Brown, supra* at 5.

The same analysis applies in the habitual criminal setting:

> In order to establish the *status* of an accused as an habitual criminal, it is necessary for the state to prove: (1) the prior judgments of convictions; (2) that the person named therein is the same person on trial.

*State v. Kelly,* 52 Wn.2d 676, 678, 328 P.2d 362 (1958).

The fact that *Holsworth* placed the burden first on the defendant to raise the issue, demonstrates that the validity of the prior guilty pleas is not an element of proof. Because no challenge was made to the validity of the underlying pleas, the trial court committed no error in accepting proof of the prior convictions by the introduction of certified judgments and sentences.

Although I recognize that *In re Lee,* 95 Wn.2d 357, 623 P.2d 687 (1980), contains some language which indicates that this issue may be raised for the first time on appeal, such suggestion was superfluous to the decision and cannot be regarded as controlling. Further, other language in *Lee* treats the issue as being evidentiary. The *Lee* court, at page 361, refers to *Holsworth* as a case in which

we upheld the *right of a defendant to object to the use of such evidence* [allegedly invalid prior guilty pleas] to prove the essential elements of the present charge in a habitual criminal proceeding.

(Italics mine.) Once we realize that this case presents an evidentiary problem with possible constitutional implications, it becomes clear why *Holsworth* requires a defendant to first raise the issue of the alleged invalidity of the prior guilty plea before the State must assume the burden of proving the constitutional validity of such prior convictions. Further, no constitutional issue is involved because we are dealing with an evidentiary problem. Appellant's failure to raise the issue must be regarded as a waiver of a right to require the State to prove its constitutional validity. This is because *Holsworth* announces no new principles, and only declares existing law. *See In re Lee, supra* at 367–68 (Horowitz, J., dissenting). Appellant James Prater was unrestricted in his right to make a proper challenge at trial to the use of his prior guilty pleas or to waive objections to the admission of such evidence.

For the reasons stated, I too would affirm the habitual criminal findings as to James Prater.

ANDERSEN, J. (concurring)—I also concur with my brother judge Swanson's opinion.

Reconsideration denied January 13, 1982.

Review denied by Supreme Court March 26, 1982.