[No. 16286–1–I.   Division One.   March 9, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. ARNOLD LEE DAVIS, *Appellant*.

*Arnold Lee Davis,* pro se, and *John Christiansen* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Deborah J. Phillips, Senior Appellate Attorney,* for respondent.

RINGOLD, A.C.J.—The defendant, Arnold Lee Davis, appeals the judgment and sentence imposed upon him following his conviction by a jury for assault and robbery.

In October 1984, Donnie Hodge hired Davis to paint the home of 74–year–old Mary Holohan. Holohan agreed to pay Hodge a lump sum for the work from which Hodge was to pay Davis and his other employees hourly wages.

Davis worked on Holohan's house for 3 to 4 days, and then Hodge laid him off. Hodge testified that he then paid Davis in full. Davis denied that he was paid.

On October 30, 1984, at 11 a.m., Davis returned to Holohan's home alleging that he had not been paid by Hodge. Holohan told Davis she had paid Hodge and Hodge was to pay him. She invited Davis in to phone Hodge in an effort to settle the matter.

During the phone call, Hodge denied owing Davis any money and told him that he should leave Holohan's house. Several minutes later, Hodge called back to ensure that Davis was not bothering Holohan. After that call, Davis

left.

Later that afternoon, Davis knocked at Holohan's door again. He told her he had not seen Hodge, and started to hand her the mail. She unlocked the door to take it and Davis came in, brandishing a knife and saying "I'm gonna kill you". He repeated this phrase several times.

Holohan testified that the defendant backed her into the living room, pushed her down, and attempted to smother her with a sofa pillow. He sat on her stomach pressing the pillow down for perhaps 10 to 15 minutes. He then got a plastic bag from the kitchen, put it under the pillow and pressed it down again until she was unable to breathe and passed out.

Holohan stated that she regained consciousness approximately 45 minutes later, and saw Davis return from the kitchen with another plastic bag. She further testified that Davis said "Come on, show me where the money is" and grabbed her by the arm. Holding the knife close to her body, Davis pulled her into the kitchen. Holohan gave him money that she had in the kitchen and in her purse amounting to about $345. She later discovered that two rings she was wearing were also missing.

Davis threatened to come back and kill Holohan or have his cousins return to kill her if she called the police. He then disconnected the phone. Holohan, who has a heart condition, expressed concern that she would be unable to reach her doctor and Davis plugged the phone back in. Davis left Holohan's home and she called the police.

Davis was charged by information with assault in the first degree and robbery in the first degree. The defendant's counsel moved for a determination of Davis' mental capacity. After a hearing, the trial court held Davis to be competent to stand trial.

In February 1985, a jury returned a verdict of guilty as charged. On April 3, 1985, Davis was sentenced outside the standard range guidelines on both charges with the sentences to run concurrently. This appeal follows.

## PRIOR CONVICTIONS

In computing Davis' sentence under the Sentencing Reform Act of 1981 (SRA), RCW 9.94A, the trial court considered Davis' two prior convictions—one for second degree burglary and the other for escape in the first degree. Both convictions were evidenced by certified copies of guilty pleas.

Davis argues that the convictions should not have been considered because the State failed to demonstrate their constitutional validity. He notes that the statements on his guilty pleas (a) do not indicate that he was advised of his constitutional rights, and (b) fail to show the facts necessary to constitute the crime charged. These contentions are without merit.

In *State v. Ammons*, 105 Wn.2d 175, 713 P.2d 719, 718 P.2d 796 (1986), the Supreme Court considered precisely the same argument. The court held that the

State does not have the affirmative burden of proving the constitutional validity of a prior conviction before it can be used in a sentencing proceeding. However, a prior conviction which has been previously determined to have been unconstitutionally obtained or which is constitutionally invalid on its face may not be considered. Constitutionally invalid on its face means a conviction which without further elaboration evidences infirmities of a constitutional magnitude.

(Citations omitted.) *Ammons*, at 187–88.

As in *Ammons*, a determination of the validity of Davis' assertions cannot be made from the face of the guilty plea form. From the plea statements alone, we cannot tell whether constitutional safeguards were provided. With the burden of proof on Davis to establish the unconstitutionality of the pleas, his recourse is to pursue the usual channels provided for post–conviction relief, and, if successful, request resentencing. *Ammons*, at 188–89.

## MITIGATING FACTORS

Under the SRA, a sentencing judge may impose a sentence outside the presumptive range if he provides "sub-

stantial and compelling reasons" set forth in written findings of fact and conclusions of law. RCW 9.94A.120(2), (3). Davis was sentenced above the standard range. The trial court entered the following findings to justify the exceptional sentence.

1. Defendant's conduct in placing a pillow and then a plastic bag and a pillow, over the face of the victim, Mary Holahan [sic], until she lost consciousness, manifested deliberate cruelty to the victim.

2. The victim was a woman, age of 74 years old, with a significant heart condition. Defendant knew or should have known that in such condition, victim was particularly vulnerable and incapable of resistance.

3. Defendant, as a person who had been painting victim's house a short time before the assault, used his position of trust to get the victim to open her front door to allow him entry immediately prior to the assault.

Davis argues that two mitigating factors were present in his case. First, he argues that his capacity to appreciate the wrongfulness of his conduct was "significantly impaired". Former RCW 9.94A.390(5). Second, he maintains that he tried to ameliorate the harm he caused Holohan by reconnecting her phone. Former RCW 9.94A.390(2). The defendant contends that the trial court failed to consider these factors on the record and, therefore, abused its discretion. He maintains that entry of findings on such mitigating factors is critical so that an appellate court may review whether such factors were considered.

RCW 9.94A.210(4) provides the applicable standard of review:[1]

To reverse a sentence which is outside the sentence range, the reviewing court must find: (a) Either that the reasons supplied by the sentencing judge are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard range for that offense . . .

Davis does not contend that the reasons given by the

---

[1]Davis does not appear to contend that the sentence was clearly excessive under RCW 9.94A.210(4)(b). We therefore do not consider that basis of review.

trial court are not supported by the record, nor does he assert that the reasons given do not justify imposition of an exceptional sentence. His sole argument is that the trial court should have entered findings on the mitigating factors as well.

■ The short answer to this contention is that the trial court was not required to enter such findings. Under RCW 9.94A.120(3):

> Whenever a sentence outside the standard range is imposed, the court shall set forth the reasons for its decision in written findings of fact and conclusions of law. A sentence outside the standard range shall be a determinate sentence.

The trial court expressed its reasons for the exceptional sentence. The statute does not require the judge to enter into a balancing of aggravating and mitigating factors on the record. The judge need only enter findings in support of an exceptional sentence. Obviously, findings on mitigating factors would have to be entered if the trial court wished to sentence the defendant to a term less than the presumptive sentence under the SRA. But here, where the aggravating factors entered support imposition of a higher sentence than the standard, the court has no duty to enter findings regarding mitigation.

It should be noted, however, that this argument was recently before the court in *State v. Armstrong,* 106 Wn.2d 547, 723 P.2d 1111 (1986). In *Armstrong,* the defendant was found guilty of second degree assault and was sentenced beyond the presumptive range. After concluding that the aggravating factors listed by the trial court were sufficient to support an exceptional sentence, the court addressed Armstrong's contention that "the aggravating circumstances listed by the trial court do not justify an exceptional sentence because the trial court failed to consider them in conjunction with" certain alleged mitigating circumstances. *Armstrong,* at 551. The court held that of the four mitigating circumstances alleged by Armstrong, "[o]nly the fourth factor arguably qualifies as a mitigating

circumstance but in any event, *it clearly is outweighed* by the fact that Armstrong committed second degree assault by inflicting multiple injuries on a defenseless 10–month-old child". (Italics ours.) *Armstrong,* at 551.

Rather than holding that the court need not make findings on the mitigating factors in such a case, the majority merely disposed of the contention by asserting that it was "outweighed". The dissent would apparently subscribe to the same view:

> Once the trial court has determined that the legislatively imposed maximum sentence does not apply, then the trial court should determine, exercising its sound discretion, how severe the aggravating factors were which justified an exceptional sentence, and *the presence of any mitigating factors.*

(Italics ours.) *Armstrong,* at 555 (Goodloe, J., dissenting).

While both the majority and dissent indicate that the trial court must consider any mitigating factors when imposing a sentence beyond the standard set by the Legislature, neither require this balancing to be evident on the record as reflected in the findings of fact. Accordingly, though this court could dismiss Davis' contention by merely asserting that the mitigating circumstances he alleges are "clearly outweighed" by the aggravating factors, we hold that the trial court was not obligated to enter such findings.[2]

The trial court in this case complied with RCW 9.94A-.120(3) by setting forth its reasons for the exceptional sentence. These findings are supported by the evidence and

---

[2]Were this court to hold otherwise, a number of ancillary problems would arise. Often a determination of whether factors are mitigating or aggravating depends upon the subjective impact the particular facts will have on the sentencing judge. If the trial court must make findings on the asserted mitigating factors, should the defendant be required to propose such findings in order to preserve the alleged error for appeal? If findings on these mitigating factors are not entered, how will the appellate court "weigh" the mitigating factors as done in *Armstrong*? Should an appellate court "weigh" evidence at all in such circumstances? In our view, while the defendant's mental condition may be a mitigating factor, the act of reconnecting the phone is inconsequential.

justify entry of an exceptional sentence. It is here that this court's review ends.[3] RCW 9.94A.210(4)(a).

## MERGER

The jury instructions given in this case failed to distinguish between the pillow and the knife attacks on Holohan. Since the jury may have only found that one of the attacks occurred, yet utilized this one attack to find Davis guilty of both charges, Davis argues that the charges must merge.[4]

The State concedes that merger is proper. The question before us, therefore, is which offense should merge into the other. The leading case on the merger doctrine in this State is *State v. Johnson*, 92 Wn.2d 671, 600 P.2d 1249 (1979), *cert. dismissed*, 446 U.S. 948 (1980). In *Johnson*, the court held that when an offense is proven which elevates another crime to a higher degree,

> an additional conviction [for that offense] cannot be allowed to stand unless it involves some injury to the person or property of the victim or others, which is separate and distinct from and not merely incidental to the crime of which it forms an element.

*Johnson*, at 680.

Utilizing the test enunciated in *Johnson*, this court in *State v. Prater*, 30 Wn. App. 512, 635 P.2d 1104 (1981) would appear to have resolved the issue before us. In *Prater*, we held that first degree assault merges into first degree robbery where the act of assault is not separate and distinct from the force required for the robbery. *Prater*, at 516. The State has conceded that due to the faulty jury instructions, this court must assume that the same act of assault was found by the jury to justify its guilty verdict on both charges. Accordingly, the case sub judice mirrors *Pra-*

---

[3]Unless, of course, an appellant also argues that the sentence is clearly excessive or lenient. RCW 9.94A.210(4)(b).

[4]Merger in this context refers to the doctrine of statutory interpretation used to determine if the Legislature intended to impose multiple punishments for a single act that violates several statutory provisions. *State v. Vladovic*, 99 Wn.2d 413, 419 n.2, 662 P.2d 853 (1983).

*ter.*

The State urges this court to depart from *Prater,* and hold that since the first degree assault has a higher seriousness level than first degree robbery, the robbery must merge into the assault. RCW 9.94A.320. The State argues that such a result is bolstered by former RCW 9.94A.400-(1)(b) which states:

> Whenever a person is convicted of three or more serious violent offenses, as defined in RCW 9.94A.330, arising from separate and distinct criminal conduct, the sentence range for the offense with the highest seriousness level under RCW 9.94A.320 shall be determined using the offender's prior convictions as criminal history and the sentence range for other serious violent offenses shall be determined by using a criminal history score of zero. The sentence range for any remaining offenses shall be determined according to (a) of this subsection. All sentences imposed under (b) of this subsection shall be served consecutively to each other and concurrently with sentences imposed under (a) of this subsection.

▆▆ RCW 9.94A.400 expresses the Legislature's intent to punish persons convicted of three or more serious violent offenses more harshly than other lesser offenders. The SRA does not address the precise issue of which conviction merges into the other when two felonies of different seriousness levels merge. This court must assume that the Legislature was familiar with the case law on merger. *Woodson v. State,* 95 Wn.2d 257, 262, 623 P.2d 683 (1980). Accordingly, it must be presumed that the Legislature's failure to address the precise issue before this court indicates its intention to preserve prior precedent in that area. *Glass v. Stahl Specialty Co.,* 97 Wn.2d 880, 887–88, 642 P.2d 948 (1982). We cannot conclude that the Legislature intended by implication to change the law in accordance with the State's proposed interpretation. *State v. Calderon,* 102 Wn.2d 348, 351, 684 P.2d 1293 (1984).

We hold that the assault merged into the robbery. As a result, the judgment and sentence on the assault charge must be vacated. Since the sentences were concurrent and

the aggravating factors are sufficient to sustain the exceptional sentence on the robbery charge, the case need not be remanded for resentencing. *Cf. State v. Johnson,* 92 Wn.2d 671, 684–85, 600 P.2d 1249 (1979), *cert. dismissed,* 446 U.S. 948 (1980); *United States v. Ray,* 731 F.2d 1361, 1368 (9th Cir. 1984).[5]

The remaining contentions raised in Davis' pro se supplemental brief and the court's answers to those contentions have no precedential value and will not be published pursuant to RCW 2.06.040. *State v. Dial,* 44 Wn. App. 11, 16, 720 P.2d 461 (1986).

We hereby affirm the judgment and sentence on the first degree robbery conviction and remand with instructions to vacate the judgment and sentence on the first degree assault.

SWANSON and COLEMAN, JJ., concur.

Review denied by Supreme Court July 2, 1987.

---

[5]Contrary to Davis' assertions, there is no double jeopardy problem in this case because the court imposed concurrent sentences. *State v. Bonds,* 98 Wn.2d 1, 16, 653 P.2d 1024 (1982), *cert. denied,* 464 U.S. 831 (1983). The fact that Davis is only being punished once for the single act does not preclude appellate review, however. *State v. Birgen,* 33 Wn. App. 1, 5, 651 P.2d 240 (1982), *review denied,* 98 Wn.2d 1013 (1983).