IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  53832-6-II |
| Respondent, | |
| v. | |
| THOMAS LOEL PLEASANT, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Thomas Loel Pleasant pleaded guilty to first degree robbery and second degree assault, and now appeals his sentence.  Pleasant argues, and the State concedes, that (1) the trial court erred when it failed to merge the convictions in violation of the prohibition against double jeopardy because second degree assault is a lesser offense of first degree robbery assault in this case.  We accept the State's concession and vacate the lesser offense and remand for resentencing.[1]

FACTS

In September 2008, the State charged Pleasant with first degree rape and first degree robbery in relation to an attack on a Subway employee in Chehalis.  While in custody on charges relating to another robbery in Cowlitz County, Pleasant confessed to the robbery in Chehalis.

In 2014, Pleasant was sentenced as a persistent offender to life in prison without the possibility of early release on the Cowlitz County matter.  In March 2016, Pleasant and the State

---

[1] Pleasant also argues that the robbery and assault convictions were the same criminal conduct and that his exceptional sentence and an interest accrual provision were erroneous.  Because we remand for resentencing, we do not consider these arguments.

entered into a plea agreement for the Chehalis robbery and rape. Pleasant pleaded guilty to an amended information charging first degree robbery and second degree assault in exchange for a persistent offender sentence. On the plea form, Pleasant stated in his own words why he was guilty of the crime, saying, "On 7-15-08 in Lewis County I robbed a subway employee of cash from the store. At the same time I pointed a firearm at her during the robbery." Pleasant's judgment and sentence form states that the robbery and assault counts do not encompass the same criminal conduct and do not count as a single crime in determining his offender score.

Pleasant appealed, and we reversed and remanded for resentencing.[2] At resentencing in September, 2019, the State requested an exceptional sentence based on Pleasant's offender score, arguing that his multiple current offenses would result in some of the offenses going unpunished.[3] The trial court found that Pleasant had several prior felony convictions, five of which had occurred after the date of his current offenses. The court ruled that none of Pleasant's prior or current convictions encompassed the same criminal conduct. The court concluded that Pleasant had committed multiple current offenses and that his high offender score would result in one of the current offenses going unpunished. The court sentenced Pleasant to an exceptional sentence of 25 years by running the two counts concurrently. The trial court also entered an interest provision on his legal financial obligations.

Pleasant appeals his sentence.

---

[2] The court gave Pleasant the option to withdraw his original plea agreement on remand, but he declined.

[3] Pleasant's judgment and sentence form states his offender score for each count was calculated at "13 or 15." Clerk's Papers 98.

## ANALYSIS

### I. MERGER AND DOUBLE JEOPARDY

Pleasant argues that the trial court erred in sentencing him when it did not vacate the lesser of his two offenses because the doctrine of merger precludes courts from entering multiple convictions for the same conduct in violation of double jeopardy. *See* U.S. Const. amend. V; Wash. Const. art. I, § 9. The State concedes this error. We agree.

A.  *Standard of Review and Legal Principles*

We review double jeopardy claims de novo. *State v. Barbee*, 187 Wn.2d 375, 382, 386 P.3d 729 (2017).

The State can file multiple charges arising from the same criminal conduct in a single proceeding but the provision against double jeopardy prevents courts from entering multiple convictions for the same offense. *State v. Freeman*, 153 Wn.2d 765, 770-71, 108 P.3d 753 (2005). "Where a defendant's act supports charges under two criminal statutes, a court weighing a double jeopardy challenge must determine whether, in light of legislative intent, the charged crimes constitute the same offense." *Freeman*, 153 Wn.2d at 771 (quoting *In re Pers. Restraint of Orange*, 152 Wn.2d 795, 815, 100 P.3d 291 (2004)). When defendants are convicted in violation of double jeopardy, the usual remedy is to vacate the lesser offense. *State v. Chesnokov*, 175 Wn. App. 345, 349, 305 P.3d 1103 (2013). If the legislature authorized cumulative punishments, however, then double jeopardy has not been violated. *Freeman*, 153 Wn.2d at 771.

We engage in a three-part inquiry to determine whether multiple convictions violate double jeopardy. *State v. Kier*, 164 Wn.2d 798, 804, 194 P.3d 212 (2008). First, we look to

whether the legislative intent is clear, either expressly or implicitly, from the language of the statutory regime. *Freeman*, 153 Wn.2d at 772.

Second, if legislative intent is not clear, we may turn to the *Blockburger* test. *Freeman*, 153 Wn.2d at 772; *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (establishing "same evidence" or "same elements" tests). Under the *Blockburger* test, we compare the elements of the two offenses to determine if they are the same. *State v. Muhammad*, 194 Wn.2d 557, 618, 451 P.3d 1060 (2019). If each offense includes elements not included in the other, the offenses are different, and so we presume the multiple convictions do not violate double jeopardy. *State v. Calle*, 125 Wn.2d 769, 777, 888 P.2d 155 (1995).

Third, if it is applicable, we apply the merger doctrine. *Muhammad*, 194 Wn.2d at 618. Under the merger doctrine, when a person is charged with a lesser offense and a more serious offense, and where both charged crimes constitute the same offense, the lesser offense merges into the more serious offense. *Freeman*, 153 Wn.2d at 772-73.

> [T]he merger doctrine is a rule of statutory construction which only applies where the Legislature has clearly indicated that in order to prove a particular degree of crime (e.g., first degree rape) the State must prove not only that a defendant committed that crime (e.g., rape) but that the crime was accompanied by an act which is defined as a crime elsewhere in the criminal statutes (e.g., assault or kidnapping).

*State v. Vladovic*, 99 Wn.2d 413, 420-21, 662 P.2d 853 (1983). Accordingly, when the commission of a particular offense requires the commission of conduct defined as a crime elsewhere in the criminal statutes, then the merger doctrine would apply. *State v. Taylor*, 90 Wn. App. 312, 319, 950 P.2d 526 (1998).

Merger does not apply when the offenses have an independent purpose or effect. *Taylor*, 90 Wn. App.at 319. This exception focuses on the facts of the individual case to determine if

4

there is a separate injury to "the person or property of the victim or others, which is separate and distinct from and not merely incidental to the crime of which it forms an element." *Freeman*, 153 Wn.2d at 778-79 (quoting *State v. Frohs*, 83 Wn. App. 803, 807, 924 P.2d 384 (1996)); *see State v. Prater*, 30 Wn. App. 512, 516, 635 P.2d 1104 (1981) (contrasting separate assaults of two victims during a robbery; one assault to disable a victim that was not in furtherance of the robbery such that it could be separately punished and one assault to intimidate a second victim to turn over money, the object of the robbery). "The merger doctrine is triggered when second degree assault with a deadly weapon elevates robbery to the first degree because being armed with or displaying a firearm or deadly weapon to take property through force or fear is essential to the elevation." *State v. Kier*, 164 Wn.2d at 806.

In *Freeman*, our Supreme Court determined that convictions for first degree robbery and second degree assault arising from the same incident, where a woman was punched in the face and then robbed, violated double jeopardy. 153 Wn.2d at 770-778 (reviewing *State v. Zumwalt*, 119 Wn. App. 126, 82 P.3d 672 (2003)). When engaging in the first part of the inquiry, the court concluded that the legislature did not "intend[] to punish second degree assault separately from first degree robbery when the assault facilitates the robbery." 153 Wn.2d at 776. The court found that *Blockburger* was unavailing to its analysis and turned to the merger doctrine. 153 Wn.2d at 778. Applying the merger doctrine, the court concluded that "[u]nder the merger rule, assault committed in furtherance of a robbery merges with robbery and without contrary legislative intent or application of an exception, these crimes would merge." 153 Wn.2d at 778. The court held that the merger doctrine applied to second degree assault and first degree robbery, but not first degree assault and first degree robbery. 153 Wn.2d at 778.

Here, Pleasant was convicted of both first degree robbery and second degree assault. Like the defendant in *Freeman* where second degree assault was committed in furtherance of first degree robbery, the underlying facts of Pleasant's plea show that he pointed a firearm at the employee in furtherance of the robbery. Although other investigatory records alleged Pleasant not only robbed the business but also robbed and raped the employee, Pleasant only admitted to robbing the business and assaulting the employee in furtherance of that robbery. The record indicates that the trial court only considered Pleasant's plea statement as the factual basis for entering judgment. Because the conduct amounting to the assault count was essential to the robbery count, the merger doctrine applies here.

We hold that the trial court erred when it entered both convictions because the merger doctrine precluded as much under double jeopardy. We therefore vacate the second degree assault conviction and remand to resentence Pleasant.

## II. STATEMENT OF ADDITIONAL GROUNDS

In his statement of additional grounds (SAG), Pleasant raises two arguments. First, Pleasant argues that the trial court erred when he was resentenced because the court ran his sentence consecutively with offenses that had not yet resulted in a conviction at the time of his current offense. Second, Pleasant argues that the trial court erred when it calculated his offender score by counting offenses that had not yet resulted in a conviction at the time of his current offense. Because the offenses in question were prior convictions at the time of his sentencing, Pleasant's argument is without merit.

This court reviews offender score calculations de novo. *State v. Mutch*, 171 Wn.2d 646, 653, 254 P.3d 803 (2011). A trial court's determination of what constitutes the same criminal

conduct for purposes of calculating an offender score is reviewed for an abuse of discretion or misapplication of the law. *State v. Tili*, 139 Wn.2d 107, 122, 985 P.2d 365 (1999).

RCW 9.94A.589(1)(a) states, in relevant part,

> [W]henever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and *prior convictions* as if they were *prior convictions* for the purpose of the offender score: PROVIDED, That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. Sentences imposed under this subsection shall be served concurrently. Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.535. "Same criminal conduct," as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim.

(Emphasis added.)

Here, Pleasant does not dispute that the offenses he contests were not convictions made prior to sentencing for his current offenses, nor does he argue that they were actually current offenses that encompass the same criminal conduct. Pleasant's argument rests on a misreading of the law. Pleasant assumes a trial court cannot consider a prior conviction if the offense occurred after the current offense. This is incorrect. The law permits sentencing consideration of prior convictions, not prior offenses. Pleasant's SAG claims are without merit.

## CONCLUSION

The trial court erred when it entered multiple convictions for the same offense by not merging the convictions, in violation of double jeopardy. We therefore vacate the lesser offense of second degree assault and remand to the trial court for resentencing. We do not consider Pleasant's arguments regarding same criminal conduct, exceptional sentence, or interest accrual.

No. 53832-6-II

The parties may raise these arguments at resentencing. Finally, we hold that Pleasant fails to raise meritorious issues in his SAG.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Lee, C.J.

_____
Sutton, J.

8