**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

FILED

JANUARY 24, 2023

In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38439-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCISCO JOEL GONZALEZ, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — In 2016 Francisco Gonzalez pleaded guilty to misdemeanor driving under the influence (DUI) and vehicular assault under the DUI prong of RCW 46.61.522(1)(b). In 2021, Gonzalez pleaded guilty to another felony DUI. At sentencing, the parties disagreed on Gonzalez's offender score. Gonzalez contends that his prior misdemeanor DUI, which arose out of the same incident as the vehicular assault, should not be counted because the offenses merged. Gonzalez also challenges the fees and assessments imposed by the superior court for his felony DUI, arguing that some were discretionary and others were unauthorized.

No. 38439-0-III
*State v. Gonzalez*

We hold that Gonzalez's convictions for misdemeanor DUI and for vehicular assault should have merged and the DUI should not have been counted in his offender score. We remand for resentencing where the superior court can reconsider the fees and assessments.

BACKGROUND

In 2016, Gonzalez pleaded guilty to misdemeanor DUI and vehicular assault under the DUI prong of the vehicular assault statute (RCW 46.61.522(1)(b)). These convictions arose out of one incident in which Gonzalez, while under the influence of alcohol, crashed his vehicle into another occupied vehicle.

In 2021, Gonzalez pleaded guilty to felony DUI. At sentencing, the parties disputed Gonzalez's offender score. The State argued that both the 2016 DUI and the vehicular assault convictions should count toward his offender score. It was the State's position that the 2016 convictions should not merge and that they did not meet the requirements of same criminal conduct because they had different victims and occurred at different times.

Gonzalez countered that the DUI and the vehicular assault constituted the "same criminal conduct" because they both occurred at the same time, had the same victim, and had the same criminal intent. Alternatively, Gonzalez argued that his convictions for misdemeanor DUI and vehicular assault by DUI constituted a double jeopardy violation because they should have merged.

2

No. 38439-0-III
*State v. Gonzalez*

The trial court ruled that both convictions counted in Gonzalez's offender score. The judge noted that he was unsure about whether it was permissible to convict a defendant of DUI and vehicular assault under the DUI prong at the same time but that he was not prepared to rule that it was impossible. Finally, the trial court imposed $2,095.50 in DUI assessments and a $100 annual collection fee on Gonzalez.

Gonzalez now appeals his offender score calculation and the imposition of the DUI assessments and the annual collection fee.

ANALYSIS

Gonzalez argues that his 2016 DUI conviction in conjunction with his vehicular assault conviction is constitutionally invalid on its face because it is a double jeopardy violation under the merger doctrine. Consequently, Gonzalez argues that his offender score was incorrectly calculated when the 2016 DUI conviction was included.

We review questions of law such as merger de novo. *State v. Knutson*, 88 Wn. App. 677, 680, 946 P.2d 789 (1997). The Sentencing Reform Act of 1981, ch. 9.94A. RCW "does not explicitly require the state prove the constitutional validity of a prior conviction." *State v. Ammons*, 105 Wn.2d 175, 187, 713 P.2d 719 (1986). The constitutional validity of a prior conviction is generally not subject to challenge in a sentencing proceeding. *Id.* However, a prior conviction that is "constitutionally invalid on its face may not be considered" in a sentencing proceeding. *Id.* at 187-88. Constitutionally invalid on its face means a conviction which "without further elaboration

3

No. 38439-0-III
*State v. Gonzalez*

evidences infirmities of a constitutional magnitude." *Id.* at 188. The constitutional

infirmity must be evident from the verdict, sentence, and judgment. *Id.* at 189.

The doctrines of double jeopardy and merger are often conflated, as they were

here, but they are separate and distinct concepts. Though merger is distinct from double

jeopardy, in Washington, merger is treated as a constitutional issue and is often analyzed

as if it is an offshoot or sub-part of double jeopardy. *See, e.g.*, *In re Knight*, 196 Wn.2d.

330, 337, 473 P.3d 663 (2020) (discussing the merger doctrine as a sub-part of the double

jeopardy analysis). Consequently, two convictions that should have merged may be

treated as "constitutionally invalid" under *Ammons* if the criteria are met. *State v.*

*Vladovic* described merger this way:

> [T]he merger doctrine is a rule of statutory construction which only applies
> where the Legislature has clearly indicated that in order to prove a
> particular degree of crime (e.g., first degree rape) the State must prove not
> only that a defendant committed that crime (e.g., rape) but that the crime
> was accompanied by an act which is defined as a crime elsewhere in the
> criminal statutes (e.g., assault or kidnapping).

99 Wn.2d 413, 420-21, 662 P.2d 853 (1983). On the other hand, where the legislature

has clearly intended to permit multiple punishments for crimes that would otherwise

merge, the merger doctrine does not apply. *State v. Sweet*, 138 Wn.2d 466, 478-79, 980

P.2d 1223 (1999) (Washington's burglary anti-merger statute (RCW 9A.52.050)

expressed a legislative intent to permit multiple punishments for burglary and any crimes

committed in the commission of the burglary).

4

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38439-0-III
*State v. Gonzalez*

When it is not clear that the legislature intended to cumulatively punish the same act under different statutes, we employ three tests to determine legislative intent: the same evidence test, merger, and the independent purpose test. *State v. Freeman*, 153 Wn.2d 765, 771-72, 108 P.3d 753 (2005). Under the same evidence test, if each crime contains an element that the other does not, "we presume that the crimes are not the same offense for double jeopardy purposes." *Id*. at 772. Here, the vehicular assault statute requires the state to prove that the defendant caused substantial bodily harm to another, an element not required by the DUI statute. Compare RCW 46.61.502 with RCW 46.61.522(1).

However, even when two crimes have different elements, when the degree of one offense is raised by conduct separately criminalized by the legislature, under the merger doctrine "we assume that the legislature intended to punish both offenses through a greater sentence for the greater crime." *Id*. at 772-73.

Here, Gonzalez pleaded guilty in 2015 to driving under the influence pursuant to RCW 46.61.502. He also pleaded guilty to vehicular assault under RCW 46.61.522(1) which states that "a person is guilty of vehicular assault if he or she operates or drives any vehicle: . . . (b) While under the influence of intoxicating liquor or any drug, as defined by RCW 46.61.502, and causes substantial bodily harm to another." To prove that Gonzalez was guilty of vehicular assault under RCW 46.61.522(1)(b), the State necessarily had to prove that he was driving under the influence pursuant to RCW

5

No. 38439-0-III
*State v. Gonzalez*

46.61.502. *See, e.g.*, *State v. Thomas*, 138 Wn. App. 78, 81, 155 P.3d 998 (2007) (to convict the defendant of vehicular assault "the jury had to find beyond a reasonable doubt that [ ] she drove under the influence."). On appeal, the State does not provide any evidence of a legislative intent to punish vehicular assault and DUI cumulatively. Consequently, the misdemeanor DUI should have merged with the vehicular assault charge.[1]

Without looking any further than Gonzalez's 2015 judgment and sentence, it is clear that his 2015 conviction for misdemeanor DUI should have merged with his vehicular assault conviction under the DUI prong of the statute. Consequently, the misdemeanor DUI in conjunction with the vehicular assault under the DUI prong is "constitutionally invalid on its face" and should not have been counted in his offender score.

The State argues that Gonzalez's 2016 plea agreement constituted a waiver of his constitutional right to be free from double jeopardy. This argument fails because it is

---

[1] There is no case that definitively states whether or not DUI is a lesser included offense of vehicular assault under the DUI prong of the statute but the Washington Practice Series states that "driving while under the influence should be a lesser included offense of both vehicular homicide and vehicular assault when those charges are based on intoxication." 13B Seth A. Fine, WASHINGTON PRACTICE: CRIMINAL LAW AND SENTENCING § 33:6, at 298 (2019).

No. 38439-0-III
*State v. Gonzalez*

well settled that a defendant's acceptance of a plea bargain does not constitute a waiver of double jeopardy.

The double jeopardy clause prevents the State from "haling a defendant into court on a charge" and the ability to bring a double jeopardy challenge is not waived by a guilty plea. *Menna v. New York*, 423 U.S. 61, 62, 96 S. Ct. 241, 46 L. Ed. 2d 195 (1975). *State v. Knight* held that "claims which go to 'the very power of the State to bring the defendant into court to answer the charge brought against him' are not waived by guilty pleas." 162 Wn.2d 806, 811, 174 P.3d 1167 (2008) (quoting *Blackledge v. Perry*, 417 U.S. 21, 30, 94 S. Ct. 2098, 40 L. Ed. 2d 628 (1974)).

Further, the mere act of pleading guilty is not a waiver of a defendant's right to bring a double jeopardy challenge because the guilty plea is not what gives rise to the double jeopardy claim. Instead, the entry of multiple convictions or sentences for the same offense is what gives rise to a double jeopardy challenge. *In re Francis*, 170 Wn.2d 517, 522, 242 P.3d 866 (2010) (citing *State v. Hughes*, 166 Wn.2d 675, 681 n.5, 212 P.3d 558 (2009)). Consequently, Gonzalez did not waive his right to be free from double jeopardy by accepting a plea bargain in the 2015 matter. However, at issue here is whether the merger doctrine applies to Gonzalez's 2015 convictions. Therefore, whether Gonzalez waived double jeopardy is not relevant.

Alternatively, the State argues that, though DUI is an element of vehicular assault, the merger doctrine does not apply to the 2015 convictions because the two crimes had

7

No. 38439-0-III
*State v. Gonzalez*

independent purposes or effects. This argument fails because the vehicular assault was incidental to Gonzalez's DUI.

The independent purposes or effects doctrine is a well-established exception to the merger doctrine. *Freeman*, 153 Wn.2d at 778. When two crimes appear to be the same under other tests, the offenses may in fact be separate when there is separate injury to "the person or property of the victim or others, which is separate and distinct from and not merely incidental to the crime of which it forms an element." *Id.* at 778-79 (citing *State v. Frohs*, 83 Wn. App. 803, 807, 924 P.2d 384 (1996)). This exception is more focused on the facts of an individual case than it is on abstract legal concepts. *Id.* at 779.

The State argues that the purpose of the vehicular assault statute is to hold offenders accountable for injuring someone, while the purpose of the DUI statute is to "reduce the hazard the drunk driver presents to the traveling public." *State v. Day*, 96 Wn.2d 646, 649, 638 P.2d 546 (1981) (citing *Fritts v. Dept. of Motor Vehicles*, 6 Wn. App. 233, 241, 492 P.2d 558 (1971). However, as part of a DUI sentence, courts in the past have ordered offenders to pay restitution for medical expenses to those that they injured as a result of their drunk driving. *See, e.g.*, *State v. Thomas*, 138 Wn. App 78, 81-82, 155 P.3d 998 (2007) ("DUI is a gross misdemeanor, and the court's authority to impose restitution in this case is found in RCW 9.92.060(2), RCW 9.95.210(2), and

8

No. 38439-0-III
*State v. Gonzalez*

RCW 9A.20.030(1).") (footnotes omitted).[2] Consequently, we do not agree that the vehicular assault and DUI statutes necessarily have different purposes.

Further, in *Freeman*, the court held that first degree assault and first degree robbery charges did not have independent purposes or effects where the defendant shot the victim, after he refused to hand over his valuables, and then robbed him. 153 Wn.2d at 769. The court held that the shooting facilitated the robbery and did not have an independent purpose or effect. *Id.* at 773. On the other hand, in *Prater* when the defendant struck the victim *after* completing a robbery, there was a separate injury and intent which justified a separate assault conviction. *State v. Prater*, 30 Wn. App. 512, 516, 635 P.2d 1104 (1981).

Here, Gonzalez's DUI and his vehicular assault charge are analogous to *Freeman*. 153 Wn.2d 765. In 2015, Gonzalez, while driving under the influence, collided with the victim's vehicle. There is nothing in the record to suggest that the collision was "separate and distinct" from the DUI. Instead, the collision was incidental to it. Consequently, the State's contention that the independent purposes or effects doctrine applied here must fail.

---

[2] *Thomas* provides further support for the contention that DUI and vehicular assault should have merged because in this case the defendant was charged with vehicular assault under the DUI prong but was convicted only of "the lesser included crime of [misdemeanor] DUI." *State v. Thomas*, 138 Wn. App. 78, 80-81, 155 P.3d 998 (2007).

No. 38439-0-III
*State v. Gonzalez*

We hold that the trial court erred when it counted an additional point for Gonzalez's 2015 misdemeanor DUI because his 2015 misdemeanor DUI conviction should have merged with the vehicular assault charge arising out of the same incident. As a result of our holding, we do not need to address Gonzalez's alternative argument that his prior DUI and vehicular assault constitute the same criminal conduct.

Gonzalez also challenges the fees and assessments imposed for his 2018 felony DUI. The State concedes error. These issues can be raised at resentencing.

Reverse and remand for resentencing.

_____
Staab, J.

WE CONCUR:

_____
Fearing, J.

_____
Siddoway, C.J.

10